**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| TRIPPY GOAT LLC<br>656 Quince Orchard Road<br>Suite 300<br>Gaithersburg, MD 20878,<br><br>                Plaintiff,<br><br>    vs.<br><br>1661, INC.<br>3433 W. Exposition Place<br>Los Angeles, CA 90018,<br><br>                Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, ENTITLEMENT TO TRADEMARK REGISTRATION, AND INVALIDITY AND CANCELLATION OF TRADEMARK REGISTRATIONS** |

**COMPLAINT**

Plaintiff Trippy Goat LLC ("Trippy Goat" or "Plaintiff"), by and through its undersigned counsel, sues Defendant 1661, Inc. ("1661" or "Defendant") and for its Complaint alleges:

**INTRODUCTION**

Trippy Goat sells alcoholic beverages, including vodka and bourbon, to distributors and retailers under its TRIPPY GOAT trademark, its TRIPPY GOAT and goat head design trademark, and its related IT'S ALL ABOUT THE GOAT and GO FOR THE GOAT marks (the "Trippy Goat Trademarks"). Defendant is a company that operates an online marketplace for the sale of new and used sneakers and clothing under the capitalized acronym "GOAT" (*i.e.*, "**G**reatest **O**f **A**ll **T**ime").

The parties operate in entirely different industries. However, Defendant 1661 has alleged that Plaintiff's use and registration of Trippy Goat's marks will cause consumer confusion and therefore infringement of Defendant's alleged rights. In support of its allegations, Defendant has

filed a trademark opposition proceeding before the U.S. Trademark Trial and Appeal Board ("<u>TTAB</u>") opposing registration of Plaintiff's trademarks (the "<u>Opposition</u>").

Defendant's allegations of likelihood of confusion and trademark infringement in the Opposition and elsewhere are without merit. As set forth below, Plaintiff's trademarks do not infringe Defendant's alleged trademark rights in its GOAT trademarks given (1) the narrow scope of protection to which Defendant's GOAT marks are allegedly entitled, (2) the differences between the parties' marks, goods and services, customers and trade channels, and (3) the absence of any actual confusion between the parties' marks.

Further, upon information and belief, Defendant does not currently use and has never used its GOAT trademarks in connection with many of the goods and services identified in its trademark registrations. Accordingly, most of Defendant's GOAT registrations are invalid in whole or in part and must be cancelled.

Defendant 1661 has long engaged in an unjustified trademark bullying campaign directed at the owners of numerous GOAT-formative trademarks, despite widespread third-party use and registration of such marks. Defendant 1661 is now directing such efforts at Plaintiff. These enforcement efforts are without legal merit, and they demonstrate that Defendant's allegations against Trippy Goat are also without merit and must be estopped.

Against this background, Plaintiff has filed this declaratory judgment action to vindicate its right to use and register its trademarks in connection with its goods and services. Based on the facts set forth below, Plaintiff seeks, among other things, declarations that:

- The Plaintiff's Trippy Goat Trademarks, as used in connection with Plaintiff's goods and services, do not infringe Defendant's GOAT trademarks, as used in connection with Defendant's services;

- The Plaintiff's Trippy Goat Trademarks are entitled to registration for Trippy Goat's goods and services, and the Defendant's Opposition must be dismissed;

- Certain of Defendant's registrations for Defendant's GOAT trademarks are invalid in whole or in part and must be cancelled; and

- Defendant is estopped from asserting Defendant's GOAT trademarks against the Trippy Goat Trademarks.

## THE PARTIES

1.     Plaintiff is a Delaware limited liability company with a principal place of business at 656 Quince Orchard Road, Suite 300, Gaithersburg, Maryland 20878.

2.     Plaintiff's address is currently listed in the records of the United States Patent and Trademark Office ("USPTO") as 9801 Washington Boulevard, Suite 200, Gaithersburg, Maryland 20878 because Plaintiff was located at that address before moving to its current address stated in Paragraph 1 and it is not possible to change the address listed in the records of the USPTO while a trademark opposition is pending before TTAB without filing a motion with the TTAB.

3.     Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 3433 W. Exposition Place, Los Angeles, California 90018.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves questions of federal trademark law under the Lanham Act, 15 U.S.C. §§ 1052, *et seq.*, over which the federal district courts have original subject matter jurisdiction.

5.     Further, the Court also has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because an actual and immediate controversy exists between the parties and Plaintiff seeks a declaration of the parties' rights.

6.     The Court has personal jurisdiction over the parties because Plaintiff resides in this judicial district and, upon information and belief, Defendant regularly transacts business in this judicial district such that it is subject to personal jurisdiction pursuant to Maryland's Long-Arm

Statute, Md. Courts Jud. Pro. Code Ann. § 6-103(a).  Specifically, upon information and belief, Defendant transacts business and/or performs character of work or services in this State through its operation of its online marketplace pursuant to Md. Courts Jud. Pro. Code Ann. § 6-103(a)(1) and contracts to supply goods, food, services, or manufactured products in the State through operation of its online marketplace pursuant to Md. Courts Jud. Pro. Code Ann. § 6-103(a)(2).

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred and continue to occur in this judicial district and Plaintiff resides in this judicial district.

**FACTUAL BACKGROUND**

**I.     Plaintiff's Trippy Goat Trademarks**

8.     Plaintiff owns and operates a farm and a distillery located at 20311 Beallsville Road, Beallsville, Maryland 20839.  The distillery was established in 2022 as Maryland's first distillery nestled within the Montgomery County Agricultural Reserve.

9.     Plaintiff is dedicated to handcrafting alcoholic beverages and spirits from grain to glass, all within Maryland.

10.     Plaintiff owns the following U.S. trademark applications and trademarks:

|  | **Trademark** | **App. No.** | **App. Date** | **Goods/Services** |
|---|---|---|---|---|
| **1.** | **TRIPPY GOAT** | 97629259 | Oct. 12, 2022 | **Class 025:**  Hats; Shirts; Sweatshirts.<br><br>**Class 033:**  Alcoholic beverages containing fruit juice; Alcoholic beverages except beers; Alcoholic tea-based beverages; Hard seltzer.<br><br>**Class 035:**  On-line retail store services featuring alcoholic beverages and clothing; Retail store services featuring alcoholic beverages and clothing; Wholesale and retail store services featuring |

| | Trademark | App. No. | App. Date | Goods/Services |
|---|---|---|---|---|
| | | | | alcoholic beverages and clothing; On-line wholesale and retail store services featuring alcoholic beverages and clothing. |
| 2. |  (the "Trippy Goat Logo") | 97629299 | Oct. 12, 2022 | **Class 025:** Hats; Shirts; Sweatshirts.<br><br>**Class 033:** Alcoholic beverages containing fruit juice; Alcoholic beverages except beers; Alcoholic tea-based beverages; Hard seltzer.<br><br>**Class 035:** On-line retail store services featuring alcoholic beverages and clothing; Retail store services featuring alcoholic beverages and clothing; Wholesale and retail store services featuring alcoholic beverages and clothing; On-line wholesale and retail store services featuring alcoholic beverages and clothing. |
| 3. | **IT'S ALL ABOUT THE GOAT** | 97629325 | Oct. 12, 2022 | **Class 033:** Alcoholic beverages containing fruit juice; Alcoholic beverages except beers; Alcoholic tea-based beverages; Hard seltzer.<br><br>**Class 035:** On-line retail store services featuring alcoholic beverages and clothing; Retail store services featuring alcoholic beverages and clothing; Wholesale and retail store services featuring alcoholic beverages and clothing; On-line wholesale and retail store services featuring alcoholic beverages and clothing. |
| 4. | **GO FOR THE GOAT** | 97629340 | Oct. 12, 2022 | **Class 033:** Alcoholic beverages containing fruit juice; Alcoholic beverages except beers; Alcoholic tea-based beverages; Hard seltzer.<br><br>**Class 035:** On-line retail store services featuring alcoholic |

| | Trademark | App. No. | App. Date | Goods/Services |
|---|---|---|---|---|
| | | | | beverages and clothing; Retail store services featuring alcoholic beverages and clothing; Wholesale and retail store services featuring alcoholic beverages and clothing; On-line wholesale and retail store services featuring alcoholic beverages and clothing. |

(collectively, the "Trippy Goat Marks" and the "Trippy Goat Applications"). (Copies of the Trademark Status & Documented Retrieval ("TSDR") records for the Trippy Goat Applications obtained from the United States Patent and Trademark Office's ("USPTO") website are attached as **Exhibit 1-4**, respectively). The goods and services identified in the Trippy Goat Applications are hereinafter collectively referred to as the "Trippy Goat Goods and Services."

11.     During the examination process, the U.S. trademark examiner assigned to review Plaintiff's Trippy Goat Applications conducted searches to identify any potentially conflicting third-party marks that might preclude registration of Plaintiff's Trippy Goat Marks based on a perceived likelihood of confusion and identified none.

12.     In fact, the trademark examiner identified no obstacles to registration of Plaintiff's Trippy Goat Marks and, on August 29, 2023, the USPTO published Plaintiff's Trippy Goat Applications for opposition.

13.     While Plaintiff initially filed its Trippy Goat Applications on an intent-to-use basis, it currently uses its Trippy Goat Marks on its website, https://trippygoat.com/, and on its social media pages, including, without limitation, on its Facebook and Instagram pages. Attached as **Exhibit 5** is a true and correct printout of the Trippy Goat website homepage showing use of the Trippy Goat Marks.

14.     Plaintiff started producing alcoholic beverages under its Trippy Goat Marks at least as early as January 2025, and Plaintiff first sold alcoholic beverages under its Trippy Goat Marks at least as early as January 2025.

15.     Today, Trippy Goat's alcoholic beverages can be purchased in numerous liquor and wine stores located throughout Maryland. Attached as **Exhibit 6** are true and correct photographs of Trippy Goat alcoholic beverages for sale on the shelves of liquor and wine stores in Maryland. Plaintiff also uses its Trippy Goat Marks on promotional clothing products distributed to customers and potential customers of Trippy Goat's alcoholic beverages.

16.     Plaintiff's promotional clothing products are available on Plaintiff's farm and the online merchandise page on Plaintiff's website.  Attached as **Exhibit 7** is a true and correct printout of the "TRIPPY GOAT MERCHANDISE" page from Trippy Goat's website, accessible through the MERCH link on the home page of the site, showing the promotional products currently available through the site.  Plaintiff's promotional products have also been shipped-upon-request and/or hand-delivered to customers and potential customers.

17.     The word "GOAT," when used in Plaintiff's Trippy Goat Marks, refers to an animal—namely, a goat—as evidenced by the inclusion of the distinctive goat head design shown in the below Trippy Goat Logo:



18.     The Trippy Goat Marks, particularly the word "GOAT" and the goat head design in the marks, are emblematic of the connection between Plaintiff's products and the farm on which the products are produced.

II.    **Defendant's Business and GOAT Trademarks**

19.    Defendant is an online retailer that sells sneakers, streetwear, and other apparel through an e-commerce platform called "GOAT" that users can access through Defendant's own website, www.goat.com, and Defendant's own mobile application (the "GOAT Platform").

20.    Upon information and belief, Defendant does not offer any goods or services for sale under Defendant's GOAT Marks through any third parties.

21.    Defendant claims ownership of the following U.S. trademark registrations and GOAT marks:

|   | **Trademark** | **Reg. No.** | **Reg. Date** | **Goods/Services** |
|---|---|---|---|---|
| 1. | **GOAT** | 3506834 | Sept. 30, 2008 | **Class 025:** Clothing, namely, shirts, pants; knitwear, namely, knit shirts; ladies' clothing, namely, dress suits; coats, frocks, skirts, dresses, jackets, clothing jerseys, sweaters, trousers, clothing tops, and fashion clothing, namely evening gowns. |
| 2. | **GOAT** | 4103419 | Feb. 28, 2012 | **Class 035:** Catalog ordering service featuring clothing and clothing accessories; online retail store services featuring clothing and clothing accessories; information services relating to all of the above services. |
| 3. | **GOAT** | 4908318 | Mar. 1, 2016 | **Class 09:** Computer application software allowing users to find, research, analyze, compare, sell, and purchase goods and services via the Internet, global computer communication networks, and wireless telecommunications networks. |
| 4. | **GOAT** | 5357448 | Dec. 19, 2017 | **Class 035:** Providing an online marketplace for buyers and sellers of collectible consumer goods namely, athletic and sporting footwear; database management |

|   | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|-----------|----------|-----------|----------------|
|   |           |          |           | services; providing a website featuring evaluative feedback in the form of ratings, reviews, recommendations and other consumer information regarding the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and transaction experience for commercial purposes; providing a searchable advertising guide featuring the goods and services of sellers; advertising and advertising services. |
| 5. | **GOAT** | 5020477 | Aug. 16, 2016 | **Class 038:** Telecommunication services, namely transmission of electronic messages, text messages, and push-notification alerts between consumer product buyers and sellers on the Internet, global computer communications networks, and wireless telecommunications networks. |
| 6. | **GOAT** | 5020478 | Aug. 16, 2016 | **Class 042:** Providing temporary use of online non-downloadable software for electronic business transactions in online marketplaces utilizing the Internet, global computer communication networks, and wireless telecommunications networks; authentication services in the field of collectible consumer goods, namely, the inspection and verification of authenticity of athletic and sporting footwear, apparel, and works of art. |

(collectively, "Defendant's GOAT Marks" and "Defendant's GOAT Registrations"). True and correct copies of the TSDR records for Defendant's GOAT Registrations obtained from the USPTO's website are attached as **Exhibits 8-13**, respectively.

22.     According to USPTO records, Defendant became the owner of U.S. Trademark Registration Nos. 3506834 and 4103419 for the mark GOAT in Classes 025 and 035 on November 29, 2021, through an assignment made by the original registrant, namely, Goat Fashion Ltd.

23.     Upon information and belief, Defendant acquired U.S. Trademark Registration Nos. 3506834 and 4103419 for the mark GOAT from Goat Fashion after Goat Fashion obtained a preliminary injunction against Defendant in connection with Goat Fashion's claims for trademark infringement based on Defendant's use of the GOAT mark in connection with clothing.

24.     In recent filings made before the TTAB (discussed more fully below), Defendant represented that its GOAT Platform "facilitate[s] the buying and selling, as well as authentication, of sneakers, clothing, jewelry, purses, wallets, bags, and various fashion items."

25.     This description of Defendant's business indicates that Defendant is a **reseller of third-party goods**, like eBay, differing only in that Defendant also authenticates third-party goods through its GOAT Platform.

26.     Defendant's website shows minimal use of any GOAT trademark.

27.     The word "GOAT" appears in only one instance on the homepage of Defendant's website in a very small font.  Attached as **Exhibit 14** is a true and correct copy of the home page of Defendant's website, and the following is a close-up of the upper left-hand corner of the home page, both of which show how minimally the mark is used on the page.



28.    Upon information and belief, Defendant does not prominently use any GOAT mark anywhere on its website.

29.    Upon information and belief, Defendant does not manufacture or sell alcoholic beverages of any kind.

30.    Upon information and belief, Defendant does not manufacture any products, including, without limitation, clothing products.

31.    Upon information and belief, Defendant offers only services—namely, online retail store and authentication services.

32.    Upon information and belief, Defendant does not use Defendant's GOAT Marks on any of the products it offers for sale.

33.    Upon information and belief, Defendant does not sell any GOAT-branded products.

34.    Rather, Defendant sells only third-party branded products—for example, products manufactured by such third parties as Nike, Adidas, Alexander McQueen, ASICS, Arc'teryx, Balenciaga, Balmain, Burberry, Calvin Klein, Carhartt, Chanel, Yeezy, and others.

35.    Upon information and belief, Defendant does not authenticate any GOAT-branded products.

36.    Defendant authenticates only third-party branded products.

37.    Upon information and belief, Defendant does not currently use Defendant's GOAT Marks on any of the clothing items listed in U.S Trademark Registration No. 3506834.

38.    Upon information and belief, Defendant has never used Defendant's GOAT Marks on any of the clothing items listed in U.S. Trademark Registration No. 3506834.

39.    Upon information and belief, Defendant is not currently using Defendant's GOAT Marks in connection with some or all the services listed in U.S. Trademark Registration Nos. 4103419, 5357448, and 5020477, including, without limitation, the following services: "catalog ordering services" in Class 035; "database management services" in Class 035; "advertising and advertising services" in Class 035; and "telecommunication services" in Class 038.

40.    Upon information and belief, Defendant has never used Defendant's GOAT Marks in connection with some or all the services listed U.S. Trademark Registration Nos. 4103419, 5357448 and 5020477, including, without limitation, the following services: "catalog ordering services" in Class 035; "database management services" in Class 035; "advertising and advertising services" in Class 035; and "telecommunication services" in Class 038.

41.    While Defendant may perform some of the activities listed in Paragraph 40 **internally** in the course of offering its online retail store services, Defendant does not provide such services to **third parties** as required under the Lanham Act.

42.    Defendant has affirmatively represented to the USPTO that Defendant's GOAT Marks do not mean or refer to the animal the goat, as Plaintiff's Trippy Goat Marks do, but rather stand for the well-known sports acronym, "Greatest Of All Time."  U.S. Trademark Application Serial No. 86703347 for the mark GOAT covering "Providing an online marketplace for buyers and sellers of . . . athletic and sporting footwear," among other services, which matured into U.S. Trademark Registration No. 5357448, was initially refused on grounds of a likelihood of confusion with a prior registration for the mark GOAT covering wholesale and retail services featuring

clothing and accessories, among other services.  Defendant, in response, argued that there was no likelihood of confusion because **"'GOAT is an acronym for the phrase 'Greatest Of All Time,' which carries particular significance in the context of sports and athletes"**).  *See* Defendant's April 27, 2016 Response to Office Action at 4, a true and correct copy of which is attached as **Exhibit 15** (emphasis added).

43.     As Defendant represented to the judicial arm of a federal government agency that its GOAT mark is distinguishable from other GOAT marks because it means "Greatest Of All Time" in the context of its sports and athletics related services, Defendant should be bound by that argument, and the Court should find that there no likelihood of confusion in this case because Plaintiff's Trippy Goat Marks because they do not identify sports and athletics related products. Rather, Plaintiff's Trippy Goat Marks identify promotional clothing products—*i.e.*, clothing products used to promote the sale of Plaintiff's alcoholic beverages.

44.     Further, numerous articles about Defendant, and statements made by its Founder, Eddy Lu have affirmed that Defendant's GOAT Marks are an acronym for "Greatest Of All Time." *See, e.g.*, Edgar Alvarez Barajas, *Input*, "GOAT CEO on COVID-19, the Air Jordan Boom, and $72 Million Worth of Fakes" (Jul. 15, 2020) ("**We're called GOAT, Greatest Of All Time**. We want to make people feel the greatest and it starts with just what you wear"), a true and correct copy of which is attached as **Exhibit 16** (emphasis added).

## III.     Numerous Third Parties Own U.S. Trademark Registrations for GOAT or GOAT-Formative Marks for Use with Clothing and Related Products

45.     Defendant does not own the exclusive right to use the word "GOAT" in connection with clothing and related products and services.

46.     Numerous third parties own live and in some cases "incontestable" U.S. trademark registrations for GOAT and GOAT-formative marks for use with clothing and related products.

Incontestable registrations can no longer be attached on grounds of likelihood of confusion with other marks.  15 U.S.C. § 1065.

47.    Such third-party GOAT and GOAT-formative trademark registrations include, but are not limited to, the following:

|    | **Trademark** | **Reg. No.** | **Reg. Date** | **Goods/Services** |
|---|---|---|---|---|
| **1.** | **GOATEAM GOAT** | 5688119 | Mar. 5, 2019 | **Class 025:** Clothing, namely, shirts, T-shirts, jackets, sweaters, pants, shorts, stockings, socks, coats, caps and hats. |
| **2.** | **SURFING GOAT** | 5852756 | Sept. 3, 2019 | **Class 025:** Clothing, namely, tops, bottoms, headwear, footwear.<br><br>**Class 030:** BBQ sauce; spice rubs; vinaigrette; cakes; pastries; ice cream. |
| **3.** | **LUCKY GOAT** | **5386310**<br><br>**Incontestable** | Jan. 23, 2018 | **Class 025:** Hats; T-shirts.<br><br>**Class** 030: Coffee. |
| **4.** | **SMILING GOAT** | **5110063**<br><br>**Incontestable** | Dec. 27, 2016 | **Class 025:** Headwear; Jackets; Shirts; Shorts; Sweatpants; Sweatshirts; T-shirts; Tank tops. |
| **5.** | **LONELY GOAT** | 6383277 | June 15, 2021 | **Class 025:** Clothing, outdoor clothing and fitness wear, namely, shirts, polo shirts, t-shirts, sweat shirts, tops, knitwear in the nature of jumpers and cardigans, sweaters, pullovers, hoodies, coats, jackets, dresses, cardigans, jumpers, track suits, shorts, tunics, trousers, pants, leggings, jeans, socks, lingerie, vests, gloves, mittens, scarves, ties, nightwear, bath robes, briefs, underwear, sports bras, swimwear, warm-up suits, rain suits, ski suits, jump suits, |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| | | | | and anoraks; footwear; headwear in the nature of hats, caps, visors, berets, bobble hats, beanie hats, knitted hats, baseball hats, head bands and sun hats. |
| 6. | GOAT PIPER | 6950406 | Jan. 10, 2023 | **Class 025:** Hats; Jackets; Polo shirts; Sweatshirts; Baseball caps and hats; Fleece jackets; Graphic T-shirts; Hooded sweatshirts; Short-sleeved or long-sleeved t-shirts; Wind resistant jackets. |
| 7. | GOAT MENTALITY | 6036121 | Apr. 21, 2020 | **Class 025:** Shirts; T-shirts; Shorts. |
| 8. | GOAT USA | 5906042 | Nov. 12, 2019 | **Class 025:** Athletic apparel, namely, sweatshirts, not including fashion clothing and accessories. |
| 9. | GOAT UNION | 6503891 | Sept. 28, 2021 | **Class 025:** Women's underwear. |
| 10. | SUCCESS GOAT | 7317506 | Feb. 27, 2024 | **Class 025:** Footwear; Headwear; Bottoms as clothing; Tops as clothing. |
| 11. | ISLAND GOAT | 5881553 | Oct. 8, 2019 | **Class 025:** Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bottoms as clothing; Footwear; Hats; Pants; Shirts; Shorts; Swimwear; Tank-tops; Tops as clothing; T-shirts. |
| 12. | CIVIL GOAT | 6750575 | June 7, 2022 | **Class 025:** Hats; T-shirts.<br><br>**Class 030:** Coffee; Prepared coffee and coffee-based beverages; Roasted coffee beans.<br><br>**Class 043:** Coffee shops; Restaurant and bar services. |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| 13. | BILLY GOAT | 1931700 | Oct. 31, 1995 | **Class 025:** wearing apparel, namely shorts. |
| 14. | GOAT USA | 5906041 | Nov. 12, 2019 | **Class 025:** Athletic apparel, namely, T-shirts, sweatshirts, and long-sleeve shirts, not including fashion clothing and accessories. |
| 15. | **GOAT POWERED** | 5951288 | Dec. 31, 2019 | **Class 025:** Clothing, namely, tops, bottoms, hats, scarves and jackets. |
| 16. | BEARDED GOAT | 4866419 | Dec. 8, 2015 | **Class 025:** Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Golf caps; Golf pants, shirts and skirts; Golf shorts; Golf trousers; Jackets; Loungewear; Short-sleeved or long-sleeved t-shirts; Wearable garments and clothing, namely, shirts. |
| 17. | SELF BE THE GOAT  SELF♥ | 6451395 | Aug. 17, 2021 | **Class 025:** Hats, hoodies, t-shirts, sweatshirts, sweatpants, sports bra, jacket, shoes, shorts, leggings, socks, caps being headwear, sweatpants in the nature of joggers. |
| 18. | GOAT TO BE NC | 6316072 | Apr. 6, 2021 | **Class 025:** Clothing, namely, t-shirt, shirts, tops. |
| 19. | (GOAT FAM LA & Design") | 6634594 | Feb. 1, 2022 | **Class 025:** Hats; Shirts; Shorts; Sweatpants; Sweatshirts. |
| 20. | GOAT ISLAND | 5169993 | Mar. 28, 2017 | **Class 025:** Hats; T-shirts. |
| 21. | GOAT RANCH GOLF | 5934982 | Dec. 17, 2019 | **Class 025:** Hats; Athletic apparel, namely, shirts, hats |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| | | | | and caps, athletic uniforms; Sports caps and hats. |
| 22. | black goat CASHMERE | 4374455 **Incontestable** | July 30, 2013 | **Class 025:** clothing made of cashmere for both men and women, namely, sweaters, cardigans, scarves, shawls, capes, coats, hats, gloves, socks, ties, slippers, robes and dresses made of cashmere. |
| 23. | GRAY GOAT ATHLETICS | 7122800 | July 25, 2023 | **Class 025:** Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Hoodies; Sweat pants; Tops as clothing; Short-sleeved or long-sleeved t-shirts. |
| 24. | CHUCK THE GOAT | 7270120 | Jan. 9, 2024 | **Class 025:** Clothing, namely, T-shirts, shirts, sweatshirts, sweatpants, leggings, yoga pants, yoga tops, tank tops, tops, hats, caps being headwear, visors being headwear, jackets, outerwear, namely, fleece tops, fleece bottoms, wool hats and knit caps, loungewear, headwear; athletic apparel, namely, athletic tops, sweatshirts, T-shirts, tank tops, sports jerseys, polo shirts, crop tops, athletic bottoms, jogging pants, leggings, athletic shorts, sweat shorts, bathing suits, and hats, clothing accessories, namely, socks, face masks being headwear, head scarves and head ties being headwear, athletic clothing accessories, namely, socks, headbands and head ties being headwear. |
| 25. | STROKE THE GOAT | 4315773 **Incontestable** | Apr. 9, 2013 | **Class 025:** Clothing for men and women, namely, short sleeve t-shirts, long sleeve t-shirts, tank tops, shooter |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| | | | | shirts, work shirts, hooded sweatshirts, tank tops, caps, and beanies. |
| 26. | GOAT TO BE | 6493709 | Sept. 21, 2021 | **Class 025:** Clothing, namely, t-shirt, shirts, tops. |
| 27. |  | 7184555 | Oct. 3, 2023 | **Class 025:** Clothing, namely, t-shirts. |
| 28. | OFFICIAL GOAT GEAR | 7233272 | Dec. 5, 2023 | **Class 025:** Clothing, namely, graphic t-shirts, hoodies and sweatshirts for men, women and kids. |
| 29. |  | 5396297 <br> **Incontestable** | Feb. 6, 2018 | **Class 025:** Caps being headwear; Hooded sweatshirts; Shirts. |
| 30. |  | 5411973 <br> **Incontestable** | Feb. 27, 2018 | **Class 025:** Caps being headwear; Hooded sweatshirts; Shirts. |
| 31. | THE FLYING GOAT | 5436687 <br> **Incontestable** | Apr. 3, 2018 | **Class 025:** Caps being headwear; Hooded sweatshirts; Shirts. |
| 32. | GRAY GOAT ATHLETICS | 6567065 | Nov. 23, 2021 | **Class 025:** T-shirts; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Sweat pants; Hoodies; Tops as clothing. |
| 33. |  | 6282629 | Mar. 2, 2021 | **Class** 025: Socks. |
| 34. |  | 7190290 | Oct. 10, 2023 | **Class 025:** T-shirts. |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| 35. | BLACK GOAT CASHMERE | 4378408<br><br>**Incontestable** | Aug. 6, 2013 | **Class 025:** Clothing made of cashmere for both men and women, namely, sweaters, cardigans, scarves, shawls, capes, coats, hats, gloves, socks, ties, slippers, robes and dresses made of cashmere.<br><br>**Class 035:** Retail store services in the field of clothing, accessories for personal use made of cashmere, namely, scarves, gloves, mittens, socks, capes, ponchos, hats, shawls, pashminas and leggings, and luxury goods for personal use, namely, blankets, throws, pajamas, robes, slippers and pillows made of cashmere. |
| 36. | GOAT FAM LA | 6634593 | Feb. 1, 2022 | **Class 025:** Hats; Shirts; Shorts; Sweatpants; Sweatshirts. |
| 37. | GOAT MILK STUFF | 4493692 | Mar. 11, 2014 | **Class 025:** Hats; Shirts; Visors. |
| 38. | YOU'VE GOAT TO BE KIDDING ME | 6441399 | Aug. 3, 2021 | **Class 025:** Clothing, namely, t-shirt. |
| 39. | EST LUCKY GOAT 2010 COFFEE CO.<br><br> | 5501945<br><br>**Incontestable** | June 26, 2018 | **Class 025:** Hats; Shirts. |
| 40. |  | 6810738 | Aug. 9, 2022 | **Class 025:** Clothing, namely, shirts, sweaters, pants, shorts, jackets, coats, footwear, headgear being headwear. |
| 41. | BE YOUR OWN GOAT | 6225999 | Dec. 22, 2022 | **Class 025:** Clothing articles, namely, t-shirts, hoodies, athletic caps, and hats; Clothing accessories, namely, wristbands as clothing. |

| | **Trademark** | **Reg. No.** | **Reg. Date** | **Goods/Services** |
|---|---|---|---|---|
| **42.** | ALL HAIL THE GOAT! | 6119824 | Aug. 4, 2020 | **Class 025:** Hats; Hoodies; Jackets; Shirts. |
| **43.** | GOD IS THE GOAT | 6058295 | May 19, 2020 | **Class 025:** Shirts. |
| **44.** |  | 6401880 | June 29, 2021 | **Class 025:** Clothing, namely, t-shirts. |
| **45.** | THE GOAT IS A LAMB | 6631471 | Feb. 1, 2022 | **Class 025:** Hats; Socks; Sweaters; Sweatshirts; Bottoms as clothing; Jackets; T-shirts; Tops as clothing; Gift packages sold as a unit consisting primarily of a sweatshirt and also including a photo frame, a coffee mug, and a tote bag; Hooded sweatshirts. |
| **46.** |  | 7010898 | Mar. 28, 2023 | **Class 025:** Tops as clothing; t-shirts. |
| **47.** | CRAZY GOAT GOD OVER ALL THINGS | 6464395 | Aug. 24, 2021 | **Class 025:** Leggings; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Tank tops; Tank-tops; Hooded sweatshirts for babies, children and adults; Hoodies; Jackets; Pants for babies, children and adults; Shirts and short-sleeved shirts; Shorts for babies, children and adults; T-shirts for babies, children and adults; Tops as clothing. |
| **48.** |  (LAVENDER ROOSTER GOAT YOGA – EGGS – | 7147973 | Aug. 29, 2023 | **Class 025:** T-shirts; Short-sleeved or long-sleeved t-shirts. |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| | SMUDGES & Design) | | | |
| 49. | GOAT THE GREAT DEBATE THAT AIN'T | 6182910 | Oct. 27, 2020 | **Class 025:** T-shirts. |
| 50. | F P NAKED ON MY GOAT  | 5696277 | Mar. 12, 2019 | **Class 025:** Clothing, namely, jackets, T-shirts, shorts, pants, aprons; chefs' clothing, namely, aprons; clothing for sports, namely, jackets, pants, short pants, jerseys, hats and shirts; drawers, gloves, headbands, hoods; ready-made clothing, namely, jackets, sport coats, pants, short pants and shirts; belts, footwear, sneakers, basketball sneakers. |
| 51. | GEIT (English translation of "Geit" is "Goat") | 5907616 | Nov. 12, 2019 | **Class 025:** Boots; Girdles; Gloves; Hats; Hosiery; Insoles; Leather belts; Neckties; Sandals; Scarfs; Shoes; Sports shoes; Swimsuits; Topcoats; Underpants; Windbreakers. |
| 52. | ARBAS GOAT | 6920160 | Dec. 13, 2022 | **Class 025:** Clothing, namely, shirts, pants, shorts; shoes; hat; socks; gloves being clothing; necktie; waistband; insole; cashmere sweater; scarf. |
| 53. | AUTHENTIQUE KABRIT (English translation of "Authentique Kabrit" is "Authentic Goat") | 7037945 | Apr. 25, 2023 | **Class 025:** Hats, shirts, t-shirts, sweatpants, pants, socks, sandals, and sneakers. |
| 54. |  | 5188056 **Incontestable** | Apr. 18, 2017 | **Class 025:** Aprons; Hats; T-shirts. |
| 55 | MAMIA | 3112439 **Incontestable** | July 4, 2006 | **Class 025:** Men's, women's and children's clothing, namely, socks. |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| | (English translation of the "Mamia" in the mark is "a goat with a single udder") | | | |
| 56. | MAMIA<br><br>(English translation of the "Mamia" in the mark is "a goat with a single udder") | 4433276<br><br>**Incontestable** | Nov. 12, 2013 | **Class 025:** Active wear, namely, tank tops, leggings. |
| 57. | MAMIA<br><br>(English translation of the "Mamia" in the mark is "a goat with a single udder") | 4214032<br><br>**Incontestable** | Sept. 25, 2012 | **Class 025:** Lingerie. |
| 58. | G.O.A.T. FUEL | 6310848 | Mar. 30, 2021 | **Class 025:** Clothing and headgear, namely, hats and pants. |
| 59. | SPEEDGOAT | 4929110<br><br>**Incontestable** | Mar. 29, 2016 | **Class 025:** Clothing, namely, tops, t-shirts, headwear; Sports shirts. |
| 60. | PHILLYGOAT | 7011310 | Mar. 28, 2023 | **Class 025:** Beanies; Hats; Headwear; Hoodies; Tops as clothing.<br><br>**Class 035:** On-line retail store services featuring Clothing, mugs, face masks, stickers. |
| 61. | SkyGOAT | 6417249 | July 13, 2021 | **Class 025:** Hats; Headwear; Shirts; Baseball caps; Hooded sweatshirts; Hoodies; Long-sleeved shirts; Long sleeve pullovers; Short-sleeved shirts; T-shirts. |
| 62. | SKATEGOAT | 7310673 | Feb. 20, 2024 | **Class 025:** Hats; Pants; Shoes; Hooded sweatshirts; Hoodies; T-shirts.<br><br>**Class 028:** Skateboard decks. |
| 63. | GOATBUSTED | 5566391 | Sept. 18, 2018 | **Class 025:** Hats; T-shirts. |

| | Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| 64. | GOATHILL | 6880714 | Oct. 18, 2022 | **Class 025:** Tops as clothing, bottoms as clothing, shirts, t-shirts, sweaters, sweatshirts, jackets, hoodies, sweat pants, bandanas, knit face masks being headwear, hats, caps being headwear, socks, wrist bands as clothing, head bands as clothing. |
| 65. | G.O.A.T. FUEL | 6092714 | June 30, 2020 | **Class 025:** Clothing, namely, t-shirts and sweaters. |
| 66. | DILLYGOAT | 6668087 | Mar. 8, 2022 | **Class 025:** Pants; Socks; Hats; Shirts. |
| 67. | G.O.A.T. EPHESIANS 4:6 GOD OVER ALL THINGS | 6534037 | Oct. 26, 2021 | **Class 025:** Clothing, namely, t-shirts, sweatshirts, hats. |
| 68. | GOTTA GOATA YOGA | 6365145 | May 25, 2021 | **Class 025:** Hats; T-shirts; Yoga pants; Short-sleeved or long-sleeved t-shirts. |

48.     To obtain a U.S. trademark registration, a trademark owner must show use of the registered mark in commerce in connection with the goods and/or services listed in the application.

49.     Upon information and belief, all the third-party marks listed in Paragraph 46 are currently in use in interstate commerce in connection with the goods and/or services recited in the identified registrations.

50.     The coexistence of so many registered GOAT and GOAT-formative marks on the USPTO's Principal Register in the same Class for use with clothing and related items establishes that the word "GOAT" is highly diluted for use with clothing and related products and services.

51.     Additionally, a Google internet search using the terms "goat" and "clothing" yields hundreds of hits for third-party GOAT and GOAT-formative marks.  *See* pages 1-5 of the results of a Google search for the above words conducted on July 15, 2025, a true and correct copy of which is attached hereto as **Exhibit 17**.

52.    The first search result on the first page of the search shows use of the GOAT USA trademark. *Id.*

53.    An excerpt from the Goat USA website, www.goatusa.com, is shown below:



54.    Upon information and belief, Defendant is not affiliated with Goat USA.

55.    Another search result on the first page of the search shows use of the trademark THE G.O.A.T. *Id.*

56.    An excerpt from The G.O.A.T. website, www.thegoatclothingline.myshopify.com, is shown below:



57.    Upon information and belief, Defendant is not affiliated with G.O.A.T.

58.    Another search result on the first page of the search shows use of the G.O.A.T.
KICKS AND APPAREL trademark.  *Id.*

59.    An excerpt from G.O.A.T.  KICKS AND APPAREL is shown below:



60.    Upon information and belief, Defendant is not affiliated with G.O.A.T.  KICKS
AND APPAREL.

61.    Another search result on the first page of the search shows use of the WOLF vs
GOAT trademark.  *Id.*

62.    An excerpt from the WOLF vs GOAT website, https://www.wolfvsgoat.com/, is
shown below.



63.    Upon information and belief, Defendant is not affiliated with WOLF GOAT.

64.    Another search result on the first page of the search shows use of the ISLAND
GOAT trademark.  *Id.*

65.    An excerpt from the Island Goat website, https://islandgoat.com, is shown below:



66.    Upon information and belief, Defendant is not affiliated with Island Goat.

67.    Subsequent pages from the identified Google search show third-party use of dozens of additional GOAT and GOAT-formative marks used in connection with clothing and related products and services.

68.    The coexistence of so many GOAT and GOAT-formative marks in the marketplace establishes that the word GOAT is highly diluted for use with clothing and related products and services.

69.    Because the word GOAT is highly diluted for use with clothing and related products and services, Defendant's GOAT Marks are weak and entitled to only a narrow scope of protection.

## IV.    Defendant's Overzealous Efforts to Enforce Defendant's GOAT Marks

70.    Despite the weakness of its GOAT Marks, Defendant has repeatedly attempted to enforce its alleged trademark rights before the TTAB against numerous companies seeking to register GOAT and GOAT-formative marks for use with clothing products.

71.    The following is a list of 88 trademark opposition and cancellation proceedings that Defendant filed asserting its GOAT Marks against other marks containing the word GOAT in 2023-2025 alone:

| | **Mark** | **Opposition/Cancellation No.** | **Filing Date** |
|---|---|---|---|
| 1. | **TAILGOAT; THE FAMOUS TAILGOAT** | Opp. 91300076 | 07/01/2025 |
| 2. | **SCREAMING GOAT** | Opp. 91300057 | 06/30/2025 |
| 3. | **GOAT SKIN CHICAGO** | Opp. 91299985 | 06/27/2025 |
| 4. | **BECOMING THE GOAT** | Opp. 91300003 | 06/27/2025 |
| 5. | **WALKGOAT** | Opp. 91299608 | 06/10/2025 |
| 6. | **CLEVERGOAT** | Opp. 91299614 | 06/10/2025 |
| 7. | **NEOGOAT** | Opp. 91299543 | 06/06/2025 |
| 8. | **GOATHLETIC** | Opp. 91299415 | 06/03/2025 |
| 9. | **GOATWARS** | Opp. 91299416 | 06/03/2025 |
| 10. | **GOLF COURSE GOAT** | Opp. 91299418 | 06/03/2025 |
| 11. | **GOD IS THE GOAT** | Can. 92088417 | 05/16/2025 |
| 12. | **UNI GOAT** | Opp. 91298996 | 05/15/2025 |
| 13. | **GOAT ENERGY** | Opp. 91298998 | 05/15/2025 |
| 14. | **GOAT COACH** | Opp. 91298871 | 05/08/2025 |
| 15. | **GOAT APPROACH** | Opp. 91298873 | 05/08/2025 |
| 16. | **GOATQUEST** | Opp. 91298700 | 04/30/2025 |
| 17. | **G.O.A.T. FUEL** | Can. 92088214 | 04/25/2025 |
| 18. | **SAMGOAT** | Can. 92088035 | 04/08/2025 |
| 19. | **RAGING GOAT** | Opp. 91298152 | 04/07/2025 |
| 20. | **GOAT ARMOR** | Opp. 91297927 | 03/28/2025 |
| 21. | **GOATVERSE TV** | Opp. 91297914 | 03/27/2025 |
| 22. | **GREEN GOAT APPAREL** | Opp. 91297813 | 03/24/2025 |
| 23. | **GOATXHEALTH** | Opp. 91297778 | 03/21/2025 |
| 24. | **GOAT SADDLE COMPANY** | Opp. 91297699 | 03/18/202 |
| 25. | **GOAT GOLF CLUB** | Opp. 91297744 | 03/18/2025 |
| 26. | **GOAT GOLF CLUB** | Can. 92087845 | 03/18/2025 |
| 27. | **FISH G.O.A.T.** | Opp. 91297631 | 03/13/2025 |
| 28. | **SURFGOAT** | Opp. 91297238 | 02/25/2025 |
| 29. | **GOATZOO** | Opp. 91297239 | 02/25/2025 |
| 30. | **BORN II GOAT** | Opp. 91296958 | 02/12/2025 |

| | **Mark** | **Opposition/Cancellation No.** | **Filing Date** |
|---|---|---|---|
| 31. | FLETCHGOAT | Opp. 91296663 | 01/31/2025 |
| 32. | SCAPEGOAT | Opp. 91296323 | 01/16/2025 |
| 33. | INDISPUTABLE G.O.A.7T. | Can. 92087021 | 12/13/2024 |
| 34. | GOAT MENTALITY | Can. 92087028 | 12/13/2024 |
| 35. | GOAT POWERED | Can. 92087030 | 12/13/2024 |
| 36. | GOAT RANCH GOLF | Can. 92087032 | 12/13/2024 |
| 37. | GOAT AFFILIATED | Opp. 91295451 | 12/02/2024 |
| 38. | GEIT | Can. 92086710 | 11/11/2024 |
| 39. | STUMP GOAT OUTFITTERS | Opp. 91294809 | 10/29/2024 |
| 40. | DESERT G.O.A.T. | Opp. 91294817 | 10/29/2024 |
| 41. | RIVER G.O.A.T. | Opp. 92294819 | 10/29/2024 |
| 42. | GOATS TRAIL | Opp. 91294500 | 10/10/2024 |
| 43. | ISLAND GOAT | Can. 92086423 | 10/07/2024 |
| 44. | GUAVA GOAT | Opp. 91294316 | 10/02/2024 |
| 45. | SCOPE GOAT | Opp. 91294208 | 09/25/2024 |
| 46. | HANGRY GOAT | Can. 92086224 | 09/12/2024 |
| 47. | HARDGOAT | Opp. 91293882 | 09/10/2024 |
| 48. | CHILDCARE GOAT | Opp. 91293883 | 09/10/2024 |
| 49. | SURFING GOAT | Can. 92086139 | 09/03/2024 |
| 50. | G.O.A.T. FUEL | Opp. 91293682 | 08/30/2024 |
| 51. | IRON GOAT GARAGE | Can. 92086093 | 08/26/2024 |
| 52. | RANGE GOATS GC | Opp. 91293447 | 08/21/2024 |
| 53. | GOAT GOALS | Opp. 91293387 | 08/19/2024 |
| 54. | GOAT SKILLS | Can. 92085966 | 08/13/2024 |
| 55. | CHEERFUL GOAT | Opp. 91292884 | 07/25/2024 |
| 56. | GG GOAT GETTERS | Opp. 91292903 | 07/25/2024 |
| 57. | GOOD TO G.O.A.T | Opp. 91292735 | 07/17/2024 |
| 58. | G.O.A.T. PADDLE | Opp. 91291989 | 06/11/2024 |
| 59. | OFFICIAL G.O.A.T MUSEUM | Opp. 91291734 | 05/28/2024 |
| 60. | SALTY GOAT COMPANY MURRELLS INLET, SC | Opp. 91291591 | 05/20/2024 |

| | **Mark** | **Opposition/Cancellation No.** | **Filing Date** |
|---|---|---|---|
| **61.** | BARBER GOATS CLOTHING | Opp. 91291283 | 05/06/2024 |
| **62.** | JESUS IS THE G.O.A.T | Opp. 91291235 | 05/01/2024 |
| **63.** | SUCCESS GOAT | Can. 92085039 | 04/24/2024 |
| **64.** | UNDERGOAT | Opp. 91291059 | 04/22/2024 |
| **65.** | CRAZY GOAT LADY | Opp. 91290564 | 03/26/2024 |
| **66.** | FAT AND SASSY GOATS | Opp. 91290571 | 03/26/2024 |
| **67.** | HOLYGOAT | Opp. 91290539 | 03/25/2024 |
| **68.** | GOAT MINE | Opp. 91290540 | 03/25/2024 |
| **69.** | G.O.A.T LIFESTYLE | Opp. 91290483 | 03/21/2024 |
| **70.** | GYMGOAT STRENGTH CLUB | Opp. 91290275 | 03/12/2024 |
| **71.** | TREE GOAT MEDIA | Opp. 91289964 | 02/26/2024 |
| **72.** | SIR GOAT | Opp. 91289710 | 02/09/2024 |
| **73.** | GOAT OF HOUSE MUSIC | Opp. 91289228 | 01/16/2024 |
| **74.** | GOATS MUSEUM AND HALL OF FAME | Opp. 91288869 | 12/20/2023 |
| **75.** | IRRELEVANT GOAT | Opp. 91288846 | 12/19/2023 |
| **76.** | SUCCESS GOAT | Opp. 91288383 | 11/22/2023 |
| **77.** | GOAT XPERIENCE | Opp. 91288251 | 11/16/2023 |
| **78.** | GODS & GOATS | Opp. 91287600 | 10/11/2023 |
| **79.** | TELEGOAT | Opp. 91287380 | 09/27/2023 |
| **80.** | CAPEGOAT | Opp. 91287122 | 09/12/2023 |
| **81.** | I'M GOATED | Opp. 91287123 | 09/12/2023 |
| **82.** | GOAT TRACK | Opp. 91286678 | 08/18/2023 |
| **83.** | VOTE THE GOAT | Opp. 91286062 | 07/14/2023 |
| **84.** | SCAPEGOAT | Opp. 91285583 | 06/16/2023 |
| **85.** | TWINGOATS | Opp. 91285424 | 06/07/2023 |
| **86.** | GOAT MODE | Opp. 91285342 | 06/02/2023 |
| **87.** | GOAT TURDS | Opp. 91284798 | 05/04/2023 |
| **88.** | GOAT TO BE AMERICAN | Opp. 91284514 | 04/17/2023 |

72.     Defendant has taken action against other trademarks comprised solely of goat designs.

73.     All of the above-mentioned trademarks were either approved for publication or registered by the USPTO, indicating that the USPTO did not believe there was any likelihood of confusion between the above marks and Defendant's GOAT Marks.  Notwithstanding, Defendant filed oppositions or cancellations against all of the above marks as well as other marks containing the word "GOAT" or goat designs.

74.     Given the weakness of Defendant's GOAT Marks and the additional wording included in the above-identified third-party marks, Defendant's assertion of its alleged trademark rights against the above marks has been unduly aggressive.

75.     Upon information and belief, Defendant's actions in filing the above identified TTAB proceedings constitute "trademark bullying," a practice where trademark owners use overly aggressive litigation tactics to harass and intimidate other businesses beyond what the law might reasonably be interpreted to allow.

76.     Defendant is now attempting to use this same tactic against Plaintiff.

**V.      Defendant's Opposition and Allegations of Infringement Against Plaintiff**

77.      On October 4, 2023, Defendant sent Plaintiff a cease-and-desist letter to its address in Maryland, asserting that Plaintiff's use of its Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks (the "Cease-and-Desist Letter").  A true and correct copy of the Cease-and-Desist Letter is attached as **Exhibit 19**.

78.     Defendant's Cease-and-Desist Letter states that Defendant is "concerned that **consumers** will be confused as to an affiliation or relationship between the [parties'] products and/or companies."  *Id.* (emphasis added).

79. On November 21, 2023, Plaintiff responded to Defendant's Cease-and-Desist Letter, refuting the assertion that a likelihood of confusion exists between the parties' respective marks and noting that Defendant does not own exclusive rights in the word "GOAT" as numerous other companies use GOAT and GOAT-formative marks for a wide variety of goods and services, including, without limitation, clothing. *See* November 21, 2023 Email from Plaintiff's counsel to Defendant's counsel, a true and correct copy of which is attached as **Exhibit 20**.

80. Plaintiff advised Defendant that it may be willing to agree that "it will not sell third-party clothing, shoes, bags, and jewelry online, which appears to be [your] business. However, it [would] not agree to refrain from using or registering the marks you have complained about." *Id.*

81. On December 22, 2023, without further discussion or notice to Plaintiff, Defendant filed the Opposition against Plaintiff's Trippy Goat Applications in the TTAB, opposing registration of Plaintiff's Trippy Goat Marks in all the recited trademark classes, namely, U.S. Trademark Opposition No. 91288907. A true and correct copy of Defendant's Amended Notice of Consolidated Opposition ("Amended Notice of Opposition") filed on April 22, 2024, is attached as **Exhibit 21**.

82. In its Amended Notice of Opposition, Defendant alleges that Defendant's "filing dates and first use dates establish priority over [Plaintiff's Trippy Goat Marks], as they predate [Plaintiff's] filing and first use dates." Ex. 21 at ¶ 4.

83. Defendant further alleges that, "when used in connection with [Plaintiff's] goods and services, [Plaintiff's Trippy Goat] Marks are likely to cause confusion, to cause mistake, or to deceive **consumers** as to an affiliation, connection, or association between [Defendant] and [Plaintiff] or as to the origin, sponsorship, or approval of [Plaintiff's] goods and services, with consequent injury to [Defendant] and the **public** under Trademark Act § 2(d)." *Id.* at ¶ 8 (emphasis added).

84.     Defendant's allegations regarding consumer confusion and harm to the public in its Cease-and-Desist Letter constitute allegations of infringement.

85.     The parties have agreed to several extensions of the Opposition, but have not been able to settle their dispute, and in the interim, Plaintiff has moved forward with its business plans and is now actively selling alcoholic beverages and promotional clothing products under its Trippy Goat Marks.

86.     The use of Plaintiff's Trippy Goat Marks in the face of the use of Defendant's allegations of infringement and the use of Defendant's GOAT Marks—both of which relate to the Plaintiff's right to use Plaintiff's Trippy Goat Marks, rather than merely the registration of Plaintiff's Trippy Goat Marks—creates an actual controversy between the parties.   This controversy is appropriate for resolution by this court given its jurisdiction over the issue of the use of the parties' marks.  28 U.S.C. §§ 1331, 1338.  *See also* 15 U.S.C. §§ 1114, 1125.

## VI.    <u>There Is No Likelihood of Confusion Between the Parties' Respective Marks</u>

87.     Contrary to Defendant's assertions, there is no likelihood of confusion between the parties' respective marks.

88.     As shown by the prevalence and coexistence of so many third-party GOAT and GOAT-formative marks on the USPTO's Principal Register and in the marketplace for use with clothing and related products and services, Defendant's GOAT Marks are weak and are entitled to only a narrow scope of protection, if any.

89.     Further, the parties' respective marks are not identical and/or confusingly similar in appearance and sound.

90.     Plaintiff's Trippy Goat Marks are quite distinct from Defendant's GOAT Marks in terms of appearance and sound given the inclusion of the additional language "TRIPPY," "IT'S

ALL ABOUT THE," and "GO FOR THE" in Plaintiff's Trippy Goat Marks, as well as the inclusion of the highly stylized and distinctive goat head design in the Trippy Goat Logo.

91.    The parties' respective marks are also distinct in terms of connotation.

92.    The word "GOAT," when used in Plaintiff's Trippy Goat Marks, refers to an animal—namely, a goat.

93.    Conversely, Defendant has affirmatively represented to the USPTO and the public that its GOAT Marks do not refer to an animal (*i.e.*, a goat), and instead stand for the well-known sports acronym for "**G**reatest **O**f **A**ll **T**ime."

94.    Additionally, because of the substantial differences between Plaintiff's Trippy Goat Marks and Defendant's GOAT Marks in terms of appearance, sound, and connotation, the parties' respective marks also create entirely different commercial impressions.

95.    The parties' respective goods and services are also distinct.

96.    Plaintiff's Trippy Goat Goods and Services are comprised of alcoholic beverages, hats and shirts promoting Plaintiff's alcoholic beverages, and the online sale of Plaintiff's alcoholic beverages and promotional clothing products.

97.    Defendant does not manufacture or sell alcoholic beverages of any kind.

98.    In stark contrast, Defendant's products and services are comprised of software for the operation of its e-commerce GOAT Platform and the online sale and authentication of third-party branded clothing items on its GOAT Platform.

99.    Because of the clear differences in the nature of the parties' goods and services, the parties' target customers and trade channels are also different.

100.    Plaintiff's alcoholic beverages and promotional clothing products will be sold only to persons interested in purchasing such beverages and only at a physical location or on Plaintiff's website.

101.    Defendant's products are sold only to persons interested in buying third-party clothing products that Defendant has authenticated through its e-commerce platform.

102.    Considering the differences between the parties' respective marks, products and services, customers, and trade channels, the relevant consuming public is unlikely to be confused as to the source of the parties' respective goods and services or to believe that those goods and services originate from the same source, or that one party's goods and services are sponsored or approved by or are affiliated with the other party.

103.    Moreover, as of the filing of this Complaint, Plaintiff is unaware of any known instances of confusion between the parties' respective marks.

104.    Therefore, there is substantial dispute between the parties regarding their respective legal rights and that disagreement cannot be resolved without court intervention.

105.    Further, Plaintiff has begun offering alcoholic beverages and promotional clothing items for sale under its Trippy Goat Marks.

106.    In the absence of court intervention, Plaintiff will be left uncertain of its legal rights while avoidable damages allegedly accrue.

107.    Without the declarations of rights requested, Plaintiff will be irreparably harmed.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

108.    Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

109.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced a consolidated trademark opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

110.     Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks.

111.     Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goat Goods and Services do not infringe Defendant's alleged trademark rights in Defendant's GOAT Marks given the narrow scope of protection to which Defendant's GOAT Marks are allegedly entitled, the differences between the parties' marks, goods and services, target customers and trade channels, and the absence of any actual confusion between the parties' marks.

112.     Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right to use and register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

113.     Moreover, Plaintiff has no adequate remedy at law.

114.     Plaintiff therefore seeks a declaration from this Court that its use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

**COUNT II**
**DECLARATORY JUDGMENT OF DISMISSAL OF OPPOSITION AND
ENTITLEMENT TO TRADEMARK REGISTRATIONS**

115.     Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

116.     Defendant objects to registration of Plaintiff's Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

117.    Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goat Goods and Services do not create a likelihood of confusion with Defendant's GOAT Marks given the narrow scope of protection to which Defendant's GOAT Marks are allegedly entitled, the differences between the parties' marks, goods and services, target customers and trade channels, and the absence of any actual confusion between the parties' marks.

118.    Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

119.    Moreover, Plaintiff has no adequate remedy at law.

120.    Pursuant to 15 U.S.C. § 1119, this Court has the authority and power to enter an order determining a party's entitlement to registration of a trademark.

121.    Any such order is to be certified to the Director of the USPTO for appropriate entry on the records and registers of the USPTO.

122.    In view of the above, Plaintiff seeks a declaration from this Court that (a) there is no likelihood of confusion between the Trippy Goat Marks when used in connection with the Trippy Goat Goods and Services and Defendant's GOAT Marks and (b) Plaintiff is entitled to registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

123.    Plaintiff further seeks an Order certified to the Director of the USPTO requiring (a) dismissal of the Opposition and (b) registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

## COUNT III
## DECLARATORY JUDGMENT OF INVALIDITY AND
## <u>CANCELLATION OF U.S. TRADEMARK REG. NO. 3506834</u>

124.    Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

125.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

126.    Among other things, Defendant alleges that there is a likelihood of confusion between Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goods and Services and Defendant's GOAT Mark as shown in U.S. Trademark Registration No. 3506834.

127.    Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks, including its alleged rights in U.S. Trademark Registration No. 3506834.

128.    Use in interstate commerce is a requirement for obtaining and maintaining a federal trademark registration.

129.    Upon information and belief, Defendant is not currently using the mark GOAT in interstate commerce on any of the goods listed in U.S. Trademark Registration No. 3506834— namely, "Clothing, namely, shirts, pants; knitwear, namely, knit shirts; ladies' clothing, namely, dress suits; coats, frocks, skirts, dresses, jackets, clothing jerseys, sweaters, trousers, clothing tops, and fashion clothing, namely evening gowns" in Class 025.

130.    Upon information and belief, Defendant has never used the mark GOAT in interstate commerce on any of the goods listed in U.S. Trademark Registration No. 3506834.

131.    Upon information and belief, Defendant does not use Defendant's GOAT Marks on any of the clothing products it offers for sale.

132.    Upon information and belief, Defendant does not sell any GOAT-branded clothing products.

133.    Upon information and belief, Defendant sells only third-party branded clothing products.

134.    Upon information and belief, Defendant does not authenticate any GOAT-branded clothing products.

135.    Upon information and belief, Defendant authenticates only third-party branded clothing products.

136.    Thus, the identification of goods for U.S. Trademark Registration No. 3506834 is inaccurate and is not commensurate with Defendant's use of the GOAT mark.

137.    Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right use and to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

138.    Moreover, Plaintiff has no adequate remedy at law.

139.    Pursuant to 15 U.S.C. § 1119, this Court has the authority and power to enter an order cancelling a federal trademark registration, in whole or in part.

140.    Any such order is to be certified to the Director of the USPTO for appropriate entry on the records and registers of the USPTO.

141.    A party is not entitled to a federal trademark registration if it is not using the mark in interstate commerce in connection with the goods identified in the registration.

142.    Upon information and belief, Defendant is not and has not used the mark GOAT in interstate commerce in connection with the goods identified in U.S. Trademark Registration No. 3506834.

143.    Plaintiff thus seeks a declaration from this Court that U.S. Trademark Registration No. 3506834 is invalid.

144.    Plaintiff further seeks an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 3506834 in its entirety.

## COUNT IV
## DECLARATORY JUDGMENT OF PARTIAL INVALIDITY AND PARTIAL CANCELLATION OF U.S. TRADEMARK REG. NO. 4103419

145.    Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

146.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

147.    Among other things, Defendant alleges that there is a likelihood of confusion between Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goods and Services and Defendant's GOAT Mark as shown in U.S. Trademark Registration No. 4103419.

148.    Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks, including its alleged rights in U.S. Trademark Registration No. 4103419.

149.    Use in interstate commerce is a prerequisite for obtaining and maintaining a federal trademark registration.

150.    Upon information and belief, Defendant is not currently using the GOAT Mark in connection with some of the services listed in U.S. Trademark Registration No. 4103419—namely, a "Catalog ordering service featuring clothing and clothing accessories" in Class 035.

151.    Upon information and belief, Defendant has never used the GOAT Mark in connection with a "Catalog ordering service featuring clothing and clothing accessories" in Class 035.

152.    Upon information and belief, Defendant provides only online retail store services featuring goods, not catalog ordering services of any kind.

153.    Thus, part of the identification of services for U.S. Trademark Registration No. 4103419 is inaccurate and is not commensurate with Defendant's use of the GOAT mark.

154.    Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right use and to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

155.    Moreover, Plaintiff has no adequate remedy at law.

156.    Pursuant to 15 U.S.C. § 1119, this Court has the authority and power to enter an order cancelling a federal trademark registration, in whole or in part.

157.    Any such order is to be certified to the Director of the USPTO for appropriate entry on the records and registers of the USPTO.

158.    A party is not entitled to a federal trademark registration if it is not using the mark in interstate commerce in connection with all the services identified in the registration.

159.    Upon information and belief, Defendant is not and has not used the mark GOAT in interstate commerce in connection with a "catalog ordering service featuring clothing and clothing accessories" as identified in U.S. Trademark Registration No. 4103419.

160.    Plaintiff thus seeks a declaration from this Court that U.S. Trademark Registration No. 4103419 is invalid for a "catalog ordering service featuring clothing and clothing accessories" in Class 035.

161.    Plaintiff further seeks an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 3506834 as to "catalog ordering service featuring clothing and clothing accessories" in Class 035.

**COUNT V**
**DECLARATORY JUDGMENT OF INVALIDITY AND**
**CANCELLATION OF U.S. TRADEMARK REG. NO. 5020477**

162.    Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

163.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

164.    Among other things, Defendant alleges that there is a likelihood of confusion between Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goods and Services and Defendant's GOAT Mark as shown in U.S. Trademark Registration No. 5020477.

165.    Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks, including its alleged rights in U.S. Trademark Registration No. 5020477.

166.    Use in interstate commerce is a prerequisite for obtaining and maintaining a federal trademark registration.

167.    Upon information and belief, Defendant is not currently using the GOAT Mark in connection with the services listed in U.S. Trademark Registration No. 5020477—namely, "Telecommunication services, namely transmission of electronic messages, text messages, and push-notification alerts between consumer product buyers and sellers on the Internet, global computer communications networks, and wireless telecommunications networks" in Class 038.

168.    Upon information and belief, Defendant has never used the GOAT Mark in connection with the services listed in U.S. Trademark Registration No. 5020477.

169.    Upon information and belief, only provides the above Class 038 services **internally** in the course of offering its online retail store services and does not provide such services to third parties as required under the Lanham Act.

170.    Thus, the identification of services for U.S. Trademark Registration No. 5020477 is inaccurate and is not commensurate with Defendant's use of the GOAT mark.

171.    Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right use and to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

172.    Moreover, Plaintiff has no adequate remedy at law.

173.    Pursuant to 15 U.S.C. § 1119, this Court has the authority and power to enter an order cancelling a federal trademark registration, in whole or in part.

174.    Any such order is to be certified to the Director of the USPTO for appropriate entry on the records and registers of the USPTO.

175.    A party is not entitled to a federal trademark registration if it is not using the mark in interstate commerce in connection with all the services identified in the registration.

176.    Upon information and belief, Defendant is not and has not used the mark GOAT in interstate commerce in connection with the services identified in U.S. Trademark Registration No. 5020477.

177.    Plaintiff thus seeks a declaration from this Court that U.S. Trademark Registration No. 5020477 is invalid.

178.    Plaintiff further seeks an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 5020477 in its entirety.

## COUNT VI
## DECLARATORY JUDGMENT OF PARTIAL INVALIDITY AND
## PARTIAL CANCELLATION OF U.S. TRADEMARK REG. NO. 5357448

179.    Plaintiff incorporates and realleges all the allegations of the preceding paragraphs as if fully set forth herein at length.

180.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

181.    Among other things, Defendant alleges that there is a likelihood of confusion between Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goods and Services and Defendant's GOAT Mark as shown in U.S. Trademark Registration No. 5357488.

182.    Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks, including its alleged rights in U.S. Trademark Registration No. 5357488.

183.    Use in interstate commerce is a prerequisite for obtaining and maintaining a federal trademark registration.

184.    Upon information and belief, Defendant is not currently using the GOAT Mark in connection with some of the services listed in U.S. Trademark Registration No. 5357488—namely, "database management services" and "advertising and advertising services" in Class 035.

185.    Upon information and belief, Defendant has never used the GOAT Mark in connection with "database management services" and "advertising and advertising services" in Class 035.

186.     Upon information and belief, only provides the above Class 035 services **internally** in the course of offering its online retail store services and does not provide such services to third parties as required under the Lanham Act.

187.     Thus, the identification of services for U.S. Trademark Registration No. 5357448 is inaccurate and is not commensurate with Defendant's use of the GOAT mark.

188.     Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right use and to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

189.     Moreover, Plaintiff has no adequate remedy at law.

190.     Pursuant to 15 U.S.C. § 1119, this Court has the authority and power to enter an order cancelling a federal trademark registration, in whole or in part.

191.     Any such order is to be certified to the Director of the USPTO for appropriate entry on the records and registers of the USPTO.

192.     A party is not entitled to a federal trademark registration if it is not using the mark in interstate commerce in connection with all the services identified in the registration.

193.     Upon information and belief, Defendant is not and has not used the mark GOAT in interstate commerce in connection with "database management services" and "advertising and advertising services" as identified in U.S. Trademark Registration No. 5357488.

194.     Plaintiff thus seeks a declaration from this Court that U.S. Trademark Registration No. 5357448 is invalid for "database management services" and "advertising and advertising services" in Class 035.

195.     Plaintiff further seeks an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 5357448 as to "database management services" and "advertising and advertising services" in Class 035.

## COUNT VII
## <u>DECLARATORY JUDGMENT OF ESTOPPEL</u>

196.    Plaintiff incorporates and realleges by reference all the allegations of the preceding paragraphs as if fully set forth herein at length.

197.    Defendant objects to Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and commenced an opposition against registration of the Trippy Goat Marks in the TTAB based on a claim of likelihood of confusion.

198.    Defendant's allegations and actions constitute a clear and unambiguous claim that Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services infringes Defendant's alleged rights in Defendant's GOAT Marks.

199.    Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goat Goods and Services do not infringe Defendant's alleged trademark rights in Defendant's GOAT Marks given the narrow scope of protection to which Defendant's GOAT Marks are allegedly entitled, the differences between the parties' marks, goods and services, target customers and trade channels, and the absence of any actual confusion between the parties' marks.

200.    Because of the acts described in the preceding paragraphs, a substantial controversy of sufficient immediacy and reality exists regarding Plaintiff's right use and to register the Trippy Goat Marks in connection with the Trippy Goat Goods and Services.

201.    Moreover, Plaintiff has no adequate remedy at law.

202.    As established above, Defendant has acquiesced in the coexistence of its GOAT Marks with numerous registered and unregistered third-party marks containing the term "GOAT" for use with clothing and related products and services.

203.    As a result, Defendant is estopped from asserting its alleged rights in Defendant's GOAT Marks against Plaintiff's Trippy Goat Marks.

204.    Plaintiff thus seeks a declaration, under principles of equity, that Defendant is estopped from enforcing its alleged rights in Defendant's GOAT Marks against Plaintiff's Trippy Goat Marks.

**COUNT VIII**
**DECLARATORY JUDGMENT OF**
**EXCEPTIONAL CASE UNDER 15 U.S.C. § 1117**

205.    Plaintiff incorporates and realleges by reference all the allegations of the preceding paragraphs as if fully set forth herein at length.

206.    Defendant has engaged in the practice of trademark bullying by overzealously attempting to enforce its alleged rights in Defendant's GOAT Marks against third parties for years without a valid legal basis for doing so.

207.    Defendant is continuing that pattern of improper conduct against Plaintiff through the filing of the Opposition and its allegations of trademark infringement against Plaintiff.

208.    Based on Defendant's conduct, Trippy Goat seeks a declaration that this is an "exceptional case" under the Lanham Act, 15 U.S.C. § 1117, and that Plaintiff is entitled to an award of its attorneys' fees, expenses and costs related to the adjudication of this case.

**JURY DEMAND**

209.    Plaintiff hereby demands a trial by jury on all issues so triable, including pursuant to Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant on all Counts as follows:

A.    Declaring that Plaintiff's Trippy Goat Marks when used in connection with the Trippy Goat Goods and services do not infringe, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

B.      Restraining and permanently enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use of the Trippy Goat Marks in connection with Trippy Goat Goods and Services directly or indirectly infringes any valid and enforceable trademark rights of Defendant in Defendant's GOAT Marks;

C.      Restraining and permanently enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them from continuing, threatening, or instituting any legal action of any type against Plaintiff based on Plaintiff's use of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services;

D.      Declaring that Plaintiff is entitled to registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services and that Defendant's Opposition shall be dismissed;

E.      Entering an Order certified to the Director of the USPTO requiring (i) registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services, and (ii) dismissal of Defendant's Opposition;

F.      Declaring that U.S. Trademark Registration No. 3506834 for the mark GOAT is invalid and entering an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 3506834 in its entirety;

G.      Declaring that U.S. Trademark Registration No. 4103419 for the mark GOAT is partially invalid as to "Catalog ordering service featuring clothing and clothing accessories" in Class 035 and entering an Order certified to the Director of the USPTO requiring partial cancellation of U.S. Trademark Registration No. 4103419 as to "Catalog ordering service featuring clothing and clothing accessories" in Class 035;

H.     Declaring that U.S. Trademark Registration No. 5020477 for the mark GOAT in is invalid and entering an Order certified to the Director of the USPTO requiring cancellation of U.S. Trademark Registration No. 5020477 in its entirety;

I.     Declaring that U.S. Trademark Registration No. 5357448 for the mark GOAT is partially invalid as to "database management services" and "advertising and advertising services" in Class 035 and entering an Order certified to the Director of the USPTO requiring partial cancellation of U.S. Trademark Registration No. 4103419 as to "database management services" and "advertising and advertising services" in Class 035;

J.     Declaring that Defendant is estopped from enforcing its alleged rights in Defendant's GOAT Marks against Plaintiff based on Plaintiff's use and registration of the Trippy Goat Marks in connection with the Trippy Goat Goods and Services;

K.     Declaring that Plaintiff is the prevailing party and that this case is exceptional, and awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

L.     Awarding Plaintiff all fees, expenses, and costs associated with this action; and

M.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: August 11, 2025

*/s/ Philip T. Abbruscato*
Philip T. Abbruscato (Bar No. 21643)
2020 K Street, NW, Suite 500
Washington, D.C. 20006
Telephone: (202) 794-1262
Facsimile: (202) 461-3102
Pabbruscato@foxrothschild.com

Stefan Palys (*pro hac vice application forthcoming*)
2020 K Street, NW, Suite 500
Washington, D.C. 20006
Telephone: (202) 659-6704
Facsimile: (202) 461-3102

Spalys@foxrothschild.com

Adam Lamb *(pro hac vice application forthcoming)*
One Biscayne Tower
2 South Biscayne Blvd., Suite 2750
Miami, FL 33131
Telephone: (305) 442-6558
Facsimile: (305) 442-6541
alamb@foxrothschild.com

*Counsel for Plaintiff Trippy Goat LLC*


**SYMBUS LAW GROUP PLLC**

Evan A. Raynes *(pro hac vice application forthcoming)*
1775 I Street, NW, Suite 1150
Washington, DC 20006
Telephone: (202) 258-0652
eraynes@symbus.com

*Co-Counsel for Plaintiff Trippy Goat LLC*